UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T ARIFF S HARIF B EY,

    Plaintiff,

        v.

R ENAE P ETERSON, ET AL.,

    Defendants.
_____/

Case No. 20-cv-10061

U.S. D ISTRICT C OURT J UDGE
G ERSHWIN A. D RAIN

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [#2] AND DISMISSING ACTION WITHOUT PREJUDICE**

On January 10, 2020, Tariff Sharif Bey ("Plaintiff") filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs, or *in forma pauperis*, alleging excessive force and unlawful seizure after a traffic stop. *See* ECF Nos. 1 and 2.

Upon review of Plaintiff's Application, the Court is not persuaded that Plaintiff is unable to pay the fees associated with the filing of his Complaint. Plaintiff failed to include any substantive information in his Complaint, such as information about his financial obligations, monthly expenses, or low monthly income. *See* ECF No. 2. Rather, Plaintiff only answers "None" to each question presented to him in the application. Plaintiff also does not attach any additional

1

information to the application for the Court to review.  Accordingly, the Court **DENIES** Plaintiff's application to proceed without the prepayment of fees and costs.

Even if the Court granted Plaintiff's Amended Application to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), the Court would still dismiss this action without prejudice because Plaintiff has pending criminal proceedings in state court that stem from the Complaint's underlying cause of action.

Here, Plaintiff asserts that he was unlawfully stopped, searched, and seized during a traffic stop on September 9, 2019.  He cites at least nine bases for jurisdiction, including constitutional provisions, eighteenth century treaties, and federal criminal statutes.  *See* ECF No. 1, PageID.4.  Notably, Plaintiff also includes the case number for three of his state court matters that he asserts were "removed from state court [for] lack of jurisdiction."  *Id*. at PageID.14.  Further examination of publicly available records, however, reveal that these state court cases are still ongoing criminal matters.  Two of the three cases in the Monroe County First District Court were filed on the date of the traffic stop in question (Case IDs. 195093-OM, 195094-OT).[1]  The cases include two counts of failure to display a valid license and a City of Monroe general offense misdemeanor.

---

[1] The case numbers, court location, judge, involved police officer, and offense date all match the information listed by Plaintiff in his Complaint.  The defendant's name in those public court records, however, is listed as "Aaron Lamont Johnson."  Based on all of the information provided, Plaintiff has evidently filed the instant matter under a name different from that identified in his criminal proceedings.

All of Plaintiff's claims are subject to dismissal under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). Three requirements must be met before the *Younger* abstention doctrine can be applied: 1) there must be an ongoing state proceeding, 2) the proceeding must implicate important state interests; and 3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

As to the first element, all three of the case numbers provided by Plaintiff list the criminal matters as "pending," which means they are ongoing. Under the second element, Michigan has an important state interest in ensuring citizens are driving with valid and accurate licenses. As to the third factor, Plaintiff can first argue in the state court criminal proceedings that any excessive force or unlawful seizure deriving from the incident violates the Constitution.

Accordingly, Plaintiff's Application to Proceed *in forma pauperis* [#2] is **DENIED** and the Complaint [#1] is **DISMISSED WITHOUT PREJUDICE** to allow Plaintiff to raise these claims in his state court proceedings first.

**IT IS SO ORDERED.**

                                             s/Gershwin A. Drain  
                                             GERSHWIN A. DRAIN  
                                             UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

4